895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry WESLEY, Defendant-Appellant.
 No. 89-5670.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Henry Wesley appeals the district court's determination that he was a "career offender" for sentencing purposes following his guilty plea to possession of cocaine with the intent to distribute.
 
 
 2
 Wesley was arrested for a traffic violation by the Memphis Police Department on July 30, 1988. An inventory search of his vehicle uncovered eleven grams of crack cocaine. Wesley signed a statement admitting that he was a narcotics dealer and that he possessed the crack with the intent to distribute.
 
 
 3
 On January 20, 1989, Wesley pled guilty to a one-count indictment charging him with possession of eleven grams of cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 841. The pre-sentence investigation revealed that Wesley had three prior felony convictions in Tennessee state courts.
 
 
 4
 On March 1, 1985, Wesley had been convicted of shooting/throwing a missile calculated to produce death or bodily harm. On April 29, 1987, Wesley was convicted for possession of marijuana with the intent to distribute. On June 3, 1987, Wesley was convicted of possession of cocaine with the intent to distribute. Because of these three prior convictions, Wesley fell into the career criminal category, Section 4B1.1 of the Sentencing Guidelines.
 
 
 5
 At sentencing, Wesley challenged the use of his conviction for shooting/throwing a missile calculated to produce death or bodily harm. Over the government's objection to Wesley's collateral attack on a state court conviction, the district court allowed testimony from the complainant in the missile conviction who claimed that she had falsely sworn out the warrant against Wesley. The district court examined the transcript and found that Wesley entered an Alford plea of guilt to the offense, claiming that he had not fired shots into a dwelling; rather, he focused his marksmanship at the air. The district court elicited a concession from Wesley that the missile conviction was a felony under Tennessee law. The district court then determined that the missile offense was a crime of violence under 18 U.S.C. Sec. 16. Consequently, the defendant was placed in the Sentencing Guidelines' career offender category and sentenced to 360 months in prison.
 
 
 6
 Wesley argues that the district court's "mechanical application" of the career offender provisions of the Sentencing Guidelines violated his due process right to a fair sentencing determination. He claims that because he did not admit that he shot into a dwelling and because whether or not he shot into a dwelling was never tested through the adversarial process, that his act of shooting into the air is not a felony and does not qualify as a crime of violence for career offender status.
 
 
 7
 Wesley pled guilty to a felony in state court. That felony falls within 18 U.S.C. Sec. 16 which makes it a crime of violence to use force against the person or property of another. Despite Wesley's fervent denials, the fact remains that he pled guilty to a felony which falls within the definition of a crime of violence and therefore was properly included in the "career offender" determination under the Sentencing Guidelines. Federal court sentencing hearings are not the appropriate forum for defendants to challenge their currently valid state court convictions.
 
 
 8
 Finding that the district court correctly applied the Sentencing Guidelines, the sentence of defendant Henry Wesley is affirmed.